FILED IN CHAMBERS
U.S.D.C. Atlanta

JAN 23 2008

JAMES N. HATTEN, Clerk
By: ~~~~~
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| FRANKLIN DELAROSA, | :: | CIVIL ACTION NO. |
| Inmate # BOP Reg. 52914-019, | :: | 1:07-CV-0990-JEC |
| Movant, | :: | |
| | :: | CRIMINAL NO. |
| v. | :: | 1:01-CR-738-JEC |
| | :: | |
| UNITED STATES OF AMERICA, | :: | MOTION TO VACATE |
| Respondent. | :: | 28 U.S.C. § 2255 |

## ORDER AND OPINION

Now before the Court are Movant's Motion for Correction of Sentence Under

Rule 60(b)(6) [71], as supplemented [73], and Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence [74]; the Government's Response thereto

[80]; Movant's Response to the Government's Response [82]; and Movant's Motion

for Summary Judgment [79] and Motion for Consideration [81] of that motion.

### I. PROCEDURAL HISTORY

**A.**  **Plea and Sentence – First Direct Appeal, Remand, and Resentencing –
First § 2255 Motion and Second Direct Appeal**

On December 18, 2001, Movant pled guilty to armed robbery.  (Arraignment

[16].)   Movant agreed that fifteen years' imprisonment was "the appropriate

sentence," even if, based on the Sentencing Guidelines, an upward departure was

required to reach that sentencing level.  (Guilty Plea and Plea Agreement [16] at 1.)

AO 72A
(Rev.8/82)

This Court sentenced Movant to 151 months' imprisonment. (J. [18], Mar. 19, 2002.) Movant filed a direct appeal [20], but, upon the Government's motion [24], the Eleventh Circuit remanded the case for resentencing (to determine the precise amount of the victim's monetary loss) and closed the appeal, instructing Movant to "file a new notice of appeal from his sentence on remand, if he so desires." (11th Cir. Order [27], Sept. 11, 2002.) This Court then resentenced Movant to the same 151 months' imprisonment. (Am. J. [33], Nov. 26, 2002.)

On March 11, 2003, Movant executed his first § 2255 motion [35], raising the following claims: he was denied the right to appeal his resentencing when counsel failed to honor his request to file a notice of appeal; counsel provided ineffective assistance by failing to object at his March 8, 2002, and November 24, 2002, sentencing hearings or on direct appeal to his seven-level sentencing enhancement for the discharge of a firearm during the robbery and to his four-level enhancement for a leadership role in the offense; and counsel provided ineffective assistance by failing to investigate and present mitigating evidence in support of a reduced overall sentencing level and to seek a downward departure based on the conditions of his pretrial confinement. (Mem. of Fact and Law in Supp. of Mot. to Vacate at 6-14.)

AO 72A
(Rev.8/82)

This Court granted Movant relief on the first ground set forth above and re-entered his judgment of sentence, thereby enabling him to file an out-of-time appeal, but declined to rule on his remaining grounds for relief until the appeal process was complete.  (Order [49] at 5-9 and 2nd Am. J. [52], July 21, 2005.) Movant appealed [53], and the Eleventh Circuit affirmed his sentence and, pursuant to Anders v. California, 386 U.S. 738 (1967), granted his appellate counsel's motion to withdraw because an "independent examination of the entire record reveal[ed] no arguable issues of merit."  (11th Cir. Order [70], May 8, 2006.)

**B.     Motions for Rule 60(b) Relief and Summary Judgment**

On February 15, 2007, Movant executed the instant Rule 60(b)(6) motion [71], asking the Court to correct his sentence by reducing the enhancements for the discharge of a weapon during the robbery and for a leadership role in the offense. Movant also requests that his sentence be reduced to time served to "allow [him] . . . to join any military branch that will take [him]."  (Mot. for Correction of Sentence at 5.)  In a supplement [73] to his Rule 60(b) motion, Movant notes that while he was incarcerated as a pre-trial detainee at the Fulton County Jail, he was beaten so badly that he required overnight hospitalization.  (Suppl. at 1.)  In his subsequent motion for summary judgment [79], Movant again sets forth the relief he seeks herein:

3

> . . . I just hope this Honorable Court would consider this pleading and sentence me to a bit less than 12 years 7 months for a first time offender. I pray that this Honorable Court would consider lowering the leadership enhancement from level 4 to level 2 since there w[]ere only two codefendants, would grant a 4 levels downward departure base[d] on conditions of pretrial [confinement] due to the assault I sustain[ed], and will still consider sentencing me to the low end of the guideline because of being a first time offender.

(Mem. in Supp. of Mot. for Summ. J. at 1.)  Finally, in his motion for consideration [81], Movant reiterates his intention to turn his life around so that he may provide needed support for his three sons once he is released from prison.  (Mot. for Consideration at 2-3.)

## C.    Second § 2255 Motion and Response

On April 26, 2007, Movant executed the instant § 2255 motion to vacate sentence [74], claiming that his trial counsel was ineffective for failing to investigate and seek a downward departure based on the conditions of his pretrial confinement (namely, the head injury he received during an assault by a fellow inmate, which still causes him "migraines, neck pains, upper back pains, and a spontaneous sharp pain between [his] shoulder blade[s] on [his] spine"); for failing to object to the severity of his sentencing enhancements for a leadership role in the offense and for the discharge of a weapon during the robbery; and for failing in general to seek a more

4

AO 72A
(Rev.8/82)

lenient sentence based on his status as a first-time offender.  (Mot. to Vacate Sentence at 5-9.)

The Government responds that (1) Movant's Rule 60(b) motion is actually an impermissibly second or successive § 2255 motion, over which this Court lacks jurisdiction because the Eleventh Circuit has not authorized Movant to file it, and (2) this Court also lacks jurisdiction over Movant's properly styled § 2255 motion because it, too, is impermissibly second or successive.  (Gov.'s Resp. [80] at 5-7.) Movant replies, *inter alia,* that his "Rule 60(b) motion was not intended to be a successive § 2255 [motion] because [he] had been resentenced and issue[d] a new judgment and commitment."  (Movant's Resp. [82] at 2.)

## II.  DISCUSSION

### A.    28 U.S.C. § 2255 Standard of Review

A federal prisoner may file a motion to vacate his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255 ¶ 1.  It is well settled that "to obtain

5

collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

A federal prisoner may not, however, seek relief from a conviction or sentence via Fed. R. Civ. P. 60(b). See United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir.1998) (holding that defendant could not challenge criminal forfeiture order via Rule 60(b) because "Rule 60(b) simply does not provide for relief from judgment in a criminal case"). Furthermore, once a federal prisoner has filed a § 2255 motion that has been adjudicated on the merits, he may not file a second or successive such motion without first obtaining authorization from the appropriate United States Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A), § 2255 ¶ 8. However, "an order granting a § 2255 petition, and reimposing sentence, resets to zero the counter of collateral attacks pursued." McIver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002). See also In re Green, 215 F.3d 1195, 1196 (11th Cir. 2000) (holding that § 2255 motion attacking "constitutionality of [federal prisoner's] re-sentencing proceeding only, and not the validity of his conviction, . . . is not 'second or successive'"); Dunn v. Singletary, 168 F.3d 440, 441 (11th Cir. 1999) (holding that "[w]hen an earlier [motion] was dismissed *without prejudice*, a later [motion] is not 'second or successive' for purposes of § 2244(b)").

6

**B.**     **Ineffective Assistance of Counsel**

The Supreme Court set forth the standard for evaluating a claim of ineffective assistance of counsel in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The analysis involves two components, but a court need not address both if the petitioner "makes an insufficient showing on one." <u>Id.</u> at 697. First, the court determines "whether, in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." <u>Id.</u> at 690. The court should be "highly deferential" in scrutinizing counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689. In other words, the petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." <u>Id.</u> (Internal quotations omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion–though the presumption is not insurmountable–is a heavy one." <u>Chandler v. United States</u>, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). Second, a federal habeas court determines whether counsel's challenged acts or omissions prejudiced the petitioner, i.e., whether "there is a reasonable probability," one "sufficient to undermine confidence in the outcome," that "but for counsel's

AO 72A
(Rev.8/82)

unprofessional errors, the result of the proceeding would have been different."

Strickland, 466 U.S. at 694.  See also Heath v. Jones, 941 F.2d 1126, 1132 (11th Cir.

1991) (noting that neglected claim satisfies test for ineffective assistance of appellate

counsel only if claim had "reasonable probability of success on appeal").

> When the single error upon which a claim of ineffective [assistance] is
> based is the failure to object to an error committed by the district court,
> that underlying error must at least rise to the level of a plain error.
> Plain error consists of (1) error, (2) that is plain, and (3) that affects
> substantial rights. . . . When a defendant challenges on direct appeal an
> error to which his counsel failed to object, the defendant must establish
> that the error amounted to a plain error.  It would be nonsensical if a
> petitioner, on collateral review, could subject his challenge of an
> unobjected-to error to a lesser burden by articulating it as a claim of
> ineffective assistance.

Gordon v. United States, 496 F.3d 1270, 1277-78 (11th Cir. 2007) (citation and

internal quotations omitted).  Moreover, even if plain error has occurred, counsel's

failure to object does not constitute "ineffective assistance per se."  Id. at 1279

(noting that "the 'deficient performance' standard of an ineffective assistance claim

will not always be satisfied by the failure to object to an obvious error").

## C.    **Analysis**

At issue in the instant § 2255 motion, Movant's second, are the same claims

that he raised in his first § 2255 motion regarding his counsel's alleged ineffective

8

assistance at sentencing, for failing to challenge the length of his sentence on various grounds. (Compare 1st Mot. to Vacate [35] with 2nd Mot. to Vacate [74].) The Government argues that Movant may not present these claims again without prior authorization from the Eleventh Circuit. However, when this Court granted Movant's first § 2255 motion and reimposed his sentence, it reset "to zero the counter of collateral attacks pursued." McIver, 307 F.3d at 1332. See In re Green, 215 F.3d at 1196. Moreover, prior to the disposition of Movant's resentencing appeal, neither this Court nor the Eleventh Circuit had addressed any aspect of the merits of Movant's § 2255 claims alleging ineffective assistance of counsel at sentencing. (See 11th Cir. Order [27], Sept. 11, 2002; Order [49], July 21, 2005.) Accordingly, it would be anomalous, indeed, to conclude that these claims are now barred as second or successive.

However, it is apparent that these claims are without merit. The Eleventh Circuit dismissed Movant's resentencing appeal because "the entire record reveals no arguable issues of merit." (11th Cir. Order [70], May 8, 2006.) Moreover, although this Court previously failed to rule on Movant's claims, it left little doubt about their ultimate resolution, stating: "Were this case remanded for the Court to impose a reasonable sentence not dictated by the Sentencing Guidelines, the sentence

9

would not be less than the one already imposed for Movant's very serious criminal offense." (Order [49] at 17-18.) Movant not only cannot establish that the alleged sentencing errors to which counsel failed to object constitute plain error, as he must do in order to prevail on his ineffective-assistance claims, see Gordon, 496 F.3d at 1277-78, he cannot establish that they constitute error of any sort. Accordingly, Movant cannot show that his counsel's alleged ineffectiveness prejudiced him in any way, and, therefore, his § 2255 claims of ineffective assistance of counsel must fail. See Strickland, 466 U.S. at 694.

### III. CONCLUSION

For the foregoing reasons, Movant's Motion for Correction of Sentence Under Rule 60(b)(6), as supplemented [71, 73], his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [74], his Motion for Summary Judgment [79], and his Motion for Consideration [81] are **HEREBY DENIED**.

**IT IS SO ORDERED** this 22 day of January, 2008.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

10